IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARPAL SINGH AHLUWALIA,

    Petitioner,                      No. CIV S-08-CV-01391 GEB CHS P

    vs.

ROBERT AYERS, JR., Warden

    Respondent.                    ORDER

_____/

        Petitioner, Harpal Singh Ahluwalia , is a state prisoner proceeding through counsel with a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner, who is currently on parole, challenges the constitutionality of his 2003 convictions in the Superior Court of Sacramento County for soliciting Carlos Ramirez and David Leal to commit the murders of his estranged wife and her brother, in violation of CAL. PENAL § 653f(b). Petitioner raises five claims in his petition. First, he claims that his Fifth and Fourteenth Amendment Due Process rights were violated when his statement, unlawfully obtained through police coercion, was used against him at trial. Second, Petitioner claims that his Fifth and Fourteenth Amendment Due Process rights were violated when his post-arrest, post-*Miranda* silence was used against him at trial. Third, Petitioner claims that his Sixth Amendment right to confrontation was violated when cross examination of complaining witness Manjit Walia was curtailed. Fourth, Petitioner claims that his Sixth

Amendment right to confrontation was violated when damaging hearsay evidence of an unknown origin was presented at trial through the testimony of an officer witness. Petitioner's final claim is that he was denied his constitutional right to effective assistance of counsel when, *inter alia*, counsel failed to conduct necessary pre-trial investigation, failed to adequately cross examine witness Manjit Walia, and failed to present a defense.

According to Petitioner's traverse, video recording of his interrogation was offered into evidence at trial as People's Exhibit 10. *See* (Traverse at 9). Petitioner now argues, as he did on appeal, that the written transcript of his interrogation does not adequately reflect its coercive nature. The video recording, in part, formed the basis for the appellate court's conclusion that statements made by Petitioner during his interrogation were, in fact, voluntary.

In accordance with Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts, IT IS HEREBY ORDERED that within ten days from the date of this order respondent shall lodge a copy of the video recording of Petitioner's interrogation that was part of the evidentiary record before the California Court of Appeals, Third Appellate District.

DATED: July 9, 2010.

_/s/ Charlene H. Sorrentino_
CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE